IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frank R. Badgett,   Case No. 3:08CV2923

      Plaintiff

v.   ORDER

Zurich North America, et al.,

      Defendant

This is a suit by an Ohio resident against two insurance companies, neither of which is incorporated or otherwise resident in Ohio. One of the companies removed the case to this court on the basis of diversity of citizenship. Pending is plaintiff's motion to remand. [Doc. 5]. For the reasons that follow, the motion shall be denied.

The insurers insured Karyn McConnell-Hancock. Plaintiff sued Ms. McConnell-Hancock in the Lucas County, Ohio, Court of Common Pleas. He did not join the defendant insurance companies. After obtaining a judgment against Ms. McConnell-Hancock, plaintiff brought this action against the defendant insurers in that court. Removal to this court followed.

In seeking remand, plaintiff argues that under 28 U.S.C. § 1332(c)(1), Ms. McConnell-Hancock is deemed a party to this action, so that diversity does not exist – even though she is not here a named defendant. That provision provides in pertinent part:

> in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen.
> . . .

According to the plaintiff, this suit is a "direct action" against the insurance companies, and their insured, Ms. McConnell-Hancock must, under § 1332(c)(1), be deemed to be a party to this action, so that diversity does not exist.

The law is to the contrary: this is not a "direct action" against the insurers, as that term is used in § 1332(c)(1):

> Section 1332(c)(1) refers to situations where the plaintiff is suing the tortfeasor's insurer, rather than suing the tortfeasor directly, on the issue of liability. This makes logical sense, as § 1332(c)(1) evidently was enacted to prevent a plaintiff from end-running the diversity of citizenship requirement (where the tortfeasor hails from plaintiff's state, but the tortfeasor's insurer does not) by suing the tortfeasor's insurer instead of the tortfeasor. *See Peterson v. TIG Specialty Ins. Co.*, 211 F.Supp.2d 1013, 1015 (S.D.Ohio 2002) ("[T]his direct action exception that destroys diversity exists only where a third-party tort victim forgoes suing the tortfeasor in favor of instead suing the tortfeasor's liability insurer directly. This is the universal rule.")

*Estate of Monahan v. American States Ins. Co.,* 75 Fed.Appx. 340, 343, 2003 WL 22025053, *3 (6th Cir. 2003).

Plaintiff did not forego suing the tortfeasor or otherwise directly seek to impose it on the insurers. He did sue her, she was held liable and judgment was entered against her. This court, accordingly, has diversity jurisdiction, and remand is not available.

It is, therefore,

ORDERED THAT the plaintiff's motion for remand [Doc. 5] be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge